The next case on calendar for argument is Winnerstein v. Stryker or Winnerstein v. Stryker. Good morning. May it please the Court, my name is Martin Sneto. I'm attorney for Appellant Lydia Winterstein. Your Honor, we are past the merits of the ERISA claim in this action, and we're all the way down to the question of whether the attorney's fees award from the district court was proper or, as we claim, inadequate. There are two sides of this question, one whether the court below correctly termed the work for the last motion, the motion for relief from order, as nonrecoverable. The court below awarded 100 percent of the hours claimed in the district court for all other legal work. But the court found, on the basis of a statute that apparently does not exist, that the work on the motion for relief from order was nonrecoverable and awarded zero hours for that work. How many hours were involved in that, counsel? 76.3, Your Honor. The court at oral argument stated that the motion was successful in the court's opinion and that it would award fees for that time. However, when the written order came down, the citation to the nonexistent statute was the basis for awarding zero hours, and I believe that is clear error. It was not an exercise of discretion. The court had stated this is a successful motion. The court had increased the lodestar rate from $206 and changed to $300 per hour. Counsel, is that motion for fees that's the subject of your argument, is that in the excerpt of record? I believe it. The motion itself is not. The declarations are and the court's order on the motion are, is. How long was that motion? The motion itself was not very long. The primary work for which this amount of time was expended is set forth in the declarations, particularly my declaration, which appears at pages 18 to 57 of the record. That the basis of the motion was that the statistical method relied upon by the court as set forth in the case of Yahoo! versus ---- I'm talking about the motion for the fees spent, motion for the fees for the time spent preparing the motion for fees. Yes, Your Honor. Okay. The answer is really the same, except that the different excerpt of the record's citation would be the ---- it begins on page 103 of the record, is my motion there. And that's the one that analyzes the Yahoo! case and the statistics that were relied upon and used by the court in its initial decision. So Yahoo! was not used ultimately in determining the fees, right? Well, I believe the ---- I understood the court's question to be why was there 76.3 hours spent on this motion. I was just asking you the motion ---- I was asking you if the motion for fees, for preparing fees, for preparing the motion for fees was in the record, right? And you said no. The motion itself, the notice of motion, is not in the record. Is the motion itself in the record? The notice of motion and motion was one document. Oh, it's not in the record. And you said your declaration regarding that was in the record. So that's what I'm just trying to get to, the declaration that accompanied the motion for fees for preparing the motion for fees. Oh, okay. The declaration ---- yes, that is the 76.3 hours. Right. Yes. That is in the record, and I believe I cited it on page 20 of my brief. Yes, the 76.3 hours, zero hours are set forth at record 124 to 126 and 151 to 152. All right. Thank you. Okay. So the first issue was the number of hours, and I think we've covered that. The court below relied on a statute that did not exist to deny any hours for the final motion, the motion for relief from all fees. That's the first issue. The second issue is did the court below properly set the lodestar rate? The first time around, the court relied on the Yahoo case, which I believe we've set forth in our initial brief, was an improper method to use. Well, he apparently agreed with that on the rehearing. Your Honor, the court below apparently said the Yahoo method is a great method, but the result in this case was unjust. The reason the result was unjust is that in their briefs, the appellees had stated that a reasonable hourly fee would be $250 per hour in an ERISA case, and the Yahoo method only produced a result of $206 and change. That was the reason why the judge departed from the Yahoo result and issued a new order saying that the lodestar rate should be $300 per hour. But there's no evidence of where this $300 per hour figure came from. In the record, there's a whole wide range of fees from what to what. $300 is somewhere within the parameters of all of those testimonies. Isn't that right? $300 is, $350 is, $375 is, $425 is, $650 is. Why $300? That's the issue that the judge below did not address. And because he did not state clearly the reason for the rate he chose, this Court really has nothing to review. There's no way that this Court can say where this number came from, and therefore, the number cannot be accepted. What the district court and we should be looking at, I would assume, would be fees for ERISA cases. Well, that was the argument that police have made and an argument which I have been trying to rebut. Well, why? That seems to me it's an ERISA case. It is an ERISA case, Your Honor, but there's nothing special in my mind about ERISA cases. I've been practicing law longer than the gentleman who spoke before, and I've handled all kinds of cases. Sure. But was this your first ERISA case? It was my first ERISA case. It was not my first case on the standard of review, which is the issue that this Court ultimately resolved. So certainly if it's your first ERISA case, even though you're competent and experienced, certainly you had some learning curve to handle an ERISA case, I would assume. Your Honor, the way to resolve that is for the judge in the district court to look at the timesheets of what I did and how much time I spent and to say this is excessive  I can't see how you could claim a fee higher than what an ERISA specialist would claim. That would seem to be the limit of what you could claim. Well, Your Honor, the police argument went even further. It said only plaintiffs side ERISA specialists. What the defendant's attorneys charge, they don't care to stick into this argument. My opponent, Mr. Huss, at the time, in 2004, was charging $425 to $450 an hour. And okay, so he's a specialist. Take off a little bit for that if you wish, but you're going to take off a third to get down to $300 an hour. That's quite a deduction for someone who won the case. But, counsel, we may agree with you in the first instance, but is that a basis for determining that the district court abuse is discretion? Well, Your Honor, there are two standards of review here. One for the application of the facts to the law, which would be an abuse of discretion standard. But the court reviews de novo, the method by which the court arrived at its conclusion. Now, what case says that when we're reviewing an attorney fee award, that there is a portion that's de novo? That would be United States v. Berger, Your Honor, 473, Fed Third, 1080, which is cited at page three of my opening brief. The methodology used is reviewed de novo, while the factual findings supporting the decision are reviewed for clear error. So in your view, the methodology in this case was what? The methodology was start with the Yahoo! method, which is flawed. But the Yahoo! was out of the equation in the final analysis. I don't think so, because I don't think that's clear. It's possible. I don't know what went on in the judge's mind, because it's not set forth in his order. What the judge said was the result is not just, and therefore, I'm increasing the rate. But where he got this rate is unclear. And to what extent it was affected by the Yahoo! methodology and his initial conclusion is also unclear. Okay. We understand your argument. You've exceeded your time, but we will give you one minute for rebuttal. Thank you, Your Honor. May it please the Court, Clarissa Kong for Appley's Stryker Corporation and Stryker Corporation Group Life Insurance Plan. This is an ERISA case where attorney's fees were awarded by the district court under ERISA section 502 G1, which provides a district court with discretion to set the reasonable amount of attorney's fees. The district court properly exercised its discretion under that discretionary fees shifting statute. What's the basis for denying fees for the time and effort spent on the motion for fees? On the second motion for fees, Your Honor? Yes. The district court had cited a statute that was probably misprinted. It should have cited to, I believe, 29 U.S.C. 1129 G2 or G1, meaning ERISA section 502 G1, and that is the discretionary fee shifting statute for ERISA. What's the language there? In an action under this title, a court may award a reasonable, in its discretion, may award a reasonable amount of attorney's fees and costs. But it doesn't say you disregard the motions or doesn't? You're saying that within his discretion he could decide he just didn't award fees for successful motions? As it did within the court's discretion to award fees based on the tasks involved and the amount that would reasonably compensate the attorney. In this case, that second motion was only partially successful. It was the motion was largely addressed to a statistical analysis of attorney's fees. He did say orally that he thought fees should be awarded for the motion, right? That's correct, Your Honor. And he gave no explanation for changing his mind except to cite the statute, if it's a correct one, to say, well, this is a discretionary call. But he gave no reason why he exercised his discretion if he did so in the way that he did. Well, in the district court, the opposition by Stryker Corporation did make clear that the fees should not be awarded for the motion. I know that, but he said he's going to award it. And the court in its final order decided not to give fees for that. But he did increase the hourly rate on the fees that were awarded for the other work. Winterstein received 100 percent of all of the fees that were claimed up to the point of the motion for the motion. That was not relief from the initial order. Altogether, she received an award of 84 percent of all fees claimed. Well, the motion was, you know, quite successful in the sense that, what, you got a 50 percent increase in the fees, right? It was, yes, it was a move from around 200 to. So you have to, I think you have to classify the motion as a successful motion. And why should a, you know, attorney be denied 100 percent of the efforts to achieve that, you know, success? The rate, though, that Winterstein had sought for the time was $650 an hour. Also, part of the motion was addressed to the appointment of a statistical expert in order to determine the reasonable amount of attorney's fees. And that was unsuccessful. The expert was, the district court declined to appoint an expert and increased rates. Tell me, what is the evidence in the record as to what a reasonable rate for a competent ERISA lawyer should be? What's the range? Your Honor, it is between $200 an hour to $475 an hour. This was stated in the district court's April 2006 order. The district court did take into account, as it should under Blum v. Stetz in the Supreme Court's case and Welch v. Metropolitan Life, that the prevailing market rate in the community for similar services performed by attorneys of like skill, experience and reputation, that should be the standard for setting the reasonable rate, the LODESTAR rate. The district court recognized, based on the evidence submitted before it, that the reasonable range of attorney's fees for ERISA litigation cases in the San Francisco Bay area was $200 to $475. The rate that was ultimately awarded by the district court is well within this range. The district court also took into consideration that this was Mr. Snitow's first ERISA case, and also took into consideration that while the case may have had some complexity, that no new law had been made, and that the rate that was reasonable should not be above the prevailing market rate for ERISA litigation cases in the San Francisco Bay area. Is there evidence in the record as to what this lawyer's regular hourly fee was? Yes, Your Honor. In fact, the district court did acknowledge Mr. Snitow's customary rate as $375 an hour. This was in the second order, the order granting in part the Rule 60B motion. The district court had properly exercised its discretion in setting the customary rate as $375 an hour. The reasonable amount of attorney's fees, including the rate as well as the hours. As the court has acknowledged, the Yahoo methodology did not make it to the final order. The court realized that that produced an unfair result in the case and did award fees at the $300 per hour rate. Is there anything in the record that, were you challenging the amount of hours spent, or is there anything? Yes, Your Honor. The appellees did challenge the time spent on particular tasks. The district court declined to, declined to reduce the amount of hours that were claimed, except that the final award did not include the hours spent on the second motion in the second order. But there's nothing in the record that would suggest that there was any hour padding. Your Honor, there was a portion of the hours billed at quarter of an hour increments rather than a tenth of an hour. And the district court did decline to reduce hours on that rate, you know, finding that it was not a significant difference between billing by the quarter of an hour and by the tenth of an hour. The district court's award is also in line with the amount of attorney's fees awarded in other ERISA cases in the Northern District of California, and this court's recent decision in Welch v. Metropolitan Life. The ERISA litigation cases do take into account the prevailing market rate within the San Francisco area, for ERISA litigation cases. They do take into account the attorney's years of experience in practicing ERISA litigation. This case is an ERISA case. There were issues involving preemption, an interpretation, standard review that are all ERISA specific issues. Therefore, under 502G1, the prevailing market rate was the reasonable lodestar rate in this case. Was there any unusual legal issue in this case? No, Your Honor. In fact, I believe in a transcript within the record of the hearing on the motion for fees, the district court acknowledged that no new law had been made here. Again, the district court had awarded 84 percent of all the hours claimed. This is a reasonable award, and within the discretion granted to the court under ERISA 502G1. Winterstein had brought out the point that the record only included from Stryker Corporation that there were no other defendant's attorney's fees were only put into the record regarding the rate. I don't think that's correct. You said only plaintiff's attorneys were put into the record. I'm sorry, only plaintiffs, and that is not correct. The declaration of Carolyn Knox does provide a range of fees, reasonable fee rates, not specifying whether it was plaintiff or plaintiff's side, and I believe that the court did take that into consideration in stating in its order that the prevailing market rate was between $200 an hour to $475 an hour. All right. Thank you, counsel. One minute for rebuttal. Your Honor, while the case did not make new law in a previous appeal, certainly new issues or non-ERISA issues were involved. Those issues included the California temporary insurance rule and the effect of employee mistakes on group insurance coverage. The court, this court did not reach those issues because it was able to resolve the appeal on the issue of the standard of review. So while no new law was made, certainly new law was briefed and raised. I also want to point out that the defendant's attorney fee that was included in the statute in their declaration was $385 per hour, and that's set forth in our briefs and in the record. In the Welch case, an attorney with 30 years' experience in securities litigation who was handling his first civil rights case was not awarded his rate of $675 per hour, but he was awarded $460 per hour, which was a $35 per hour discount from what the court found was a $495 standard rate of an experienced attorney. Thank you. Thank you, counsel. We understand your argument. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Fletcher, Tashima, Rawlinson